Hillsborough, Feb. 1, 1949. } No. 3799.

JOHN T. HOGAN, *Ex'r v.* J. FRANCIS ROCHE, *Gd'n.*

*Hamblett, Griffith & Moran* and *Sullivan & Gregg* (*Mr. Hamblett* orally), for the plaintiff.

*J. Francis Roche, Paul J. Doyle* and *John W. King* (*Mr. King* orally), for the defendant.

BLANDIN, J. The duty of the defendant guardian in this case was to "try to place himself as nearly as possible in the position of the widow and take such action as she would probably take if sane." *Wentworth* v. *Waldron*, 86 N. H. 559, 564.

The Trial Court found that "the guardian did not inquire into and gave no consideration to the relations between his ward and the remaindermen under the will of John J. Hogan, nor to the relations between his ward and her heirs at law, nor to the relations between his ward and her husband in so far as those relations would affect her desire to either abide by or upset his wishes as expressed in his will."

The defendant does not dispute these findings, which are properly based upon the guardian's own testimony, but says that such considerations were not necessary to a valid choice and since it appears he took the best course for his ward financially the election must be upheld.

While this conclusion may be open to some question, as under the will the widow might have had the use of the entire estate, we base our opinion on the fact that our law does not sustain the defendant's position. *Wentworth* v. *Waldron, supra*. Financial circumstances, while important, are but one of several factors which a guardian should weigh in making his choice.

An exhaustive review of authorities elsewhere, influenced by different statutes from ours (R. L., c. 343, s. 3, as amended by Laws 1947, c. 151, s. 3) seems to serve no useful purpose; however it appears the better reasoned decisions are in agreement in recognizing that "not every widow disregards her husband's last wishes . . . merely because she would obtain a greater quantum of his estate by so doing; sentiment enters into such situations. . . " *In re Harris Estate*, 351 Pa. 368, 383. Other authorities also hold that a widow's relations with relatives as well as with her husband are necessary facts to be determined by the guardian in placing himself in her shoes, since often sentiment or likes and dislikes may outweigh mere financial gain. *In re Carey*, 194 Minn. 127, and cases cited; *In re Brindle's Estate*, (Pa. Supreme Court, July 7, 1948) 60 Atl. (2d) 1, 9; 147 A. L. R. 336, 340; 74 A. L. R. 452, 456.

It is not believed that an investigation disclosing with reasonable accuracy the relations of the ward to her husband, her heirs, his heirs and remaindermen, offers an insuperable obstacle. In every properly prepared will contest lawyers are required to and do obtain similar facts. In ignoring all these considerations, it is apparent the guardian has not applied the law correctly to the situation here, and since there is no way to determine what result he would have reached had he done so, the Trial Court's decree declaring the waiver of the will null and void, must be sustained.

The other exceptions being neither briefed nor argued, are deemed waived.

*Decree affirmed.*

KENISON, J., concurred in the result; the others concurred.